PHILIPS v. FABER SULKY CO. (Circuit Court of Appeals, Second Circuit. November 17, 1909.) No. 27. Appeal from the Circuit Court of the United States for the Western District of New York. This is an appeal from an interlocutory decree of the Circuit Court, Western District of New York, holding certain claims of letters patent 611,438, issued Sept. 27, 1898, to Philips, for a speed wagon, to be valid and infringed. The opinion of the Circuit Court is reported in 160 Fed. 966. Osgood & Davis, for appellant. L. H. Groat, for appellee. Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We concur in the reasoning and conclusions of the judge who heard the cause at circuit, and do not find it necessary further to discuss the patent or the proofs. It is contended that the claims should be so narrowby construed that defendant's structure will not infringe. The defendant's truss frame does not extend upward "perpendicularly from the spindles," nor "between two vertical planes from said spindles"; the quoted phrases being taken from claims 1 and 2, respectively. But the deflection from the perpendicular is slight, and effects no new result; and we are of the opinion that a truss substantially perpendicular to the spindles is fairly within the claim, concurring with Judge Hazel in his conclusions as to infringement. It is contended, however, that the words "perpendicular" and "vertical" are to be strictly construed, for the reason that they were inserted while the application was pending in the Patent Office, after rejection of original claims upon a reference to patent to Wells, No. 577,339, for a sulky. The theory is that the Patent Office required applicant to make an election, either to be rejected on the reference or to avoid the reference by confining himself strictly to an absolutely perpendicular truss. But we are not satisfied that this theory is correct, or that it was the insertion of the words "perpendicular" and "vertical" that saved the claims. The proposed amended claims were inclosed in a letter to the examiner, which discussed the Wells sulky and pointed out that it did not have the inclined brace, which was referred to in applicant's specification as "particularly effective." Presumably this argument convinced the examiner—the Wells sulky was quite a different contrivance—and induced allowance of the claims. It is difficult to see how the mere restriction of them to perpendicular trusses would have avoided the reference, because in the

Wells sulky the "main or central bow, 4," on which alone the driver's seat is mounted, extends up perpendicularly from the spindles, so that "its top portion [is] directly over the axles of the wheels." Decree affirmed, with costs.